Sieben v. Franks.

1. **Conveyance:** REFORMATION OF DEED: MISTAKE. Evidence considered which was held insufficient to warrant the reformation of a deed as against the wife of a grantor, by showing that a mistake, by which different lands from those intended by the husband were described in the conveyance, was shared by the wife in the relinquishment of her dower interest.

*Appeal from Jones District Court.*

FRIDAY, DECEMBER 12.

THIS is an action in equity, the object of which is to reform and correct the description in a deed so as to subject the land intended to be conveyed to the payment of a judgment against the grantee.

The conveyance was made in 1868, by E. M. Franks and Sarah Franks, his wife, to S. G. Franks, their son. In 1878 S. G. Franks was indebted to the First National Bank of Wyoming, and the plaintiff was his surety to said bank for the payment of said indebtedness. The bank obtained judgment for said debt, and the plaintiff, as surety for said Franks, paid the judgment, and claims that she was thereby subrogated to all the rights of the bank, among which was a lien upon the real estate of said Franks. E. M. Franks died in 1878, and this action was brought against Sarah Franks, his widow, and his heirs and administrators, and certain judgment creditors, claiming that by mistake a certain tract of land was included in said deed which E. M. Franks did not own at the time, instead of eighty acres which he did own, and which he and his said wife intended to convey.

Sarah Franks claims that she is entitled to dower in said lands as the widow of E. M. Franks, and denies the allegations of the petition. Upon a trial there was a decree for the plaintiff, correcting the deed as prayed, excepting so far as relates to the claim of Sarah Franks for dower, and finding that she was entitled to dower, to the extent in value of one-third of the land. Plaintiff appeals.

*Merrell & Howat* and *A. R. Cotton*, for appellants.

*E. Keeler* and *I. M. Preston*, for appellee.

ROTHROCK, J.  That the evidence was sufficient to reform and correct the deed upon the ground of mistake, so far as the rights of the heirs of E. M. Franks or the administrators of his estate are involved, can admit of no question.  It clearly appears from the evidence that E. M. Franks intended to convey the eighty acres in controversy, but that, by a mistake of the scrivener who drew the deed, another tract was inserted.  But it was also incumbent upon the plaintiff to establish by evidence that Sarah Franks, when she executed the deed, and thereby released her dower, intended to release her right to this specific land.  We think the court below correctly found that there was a failure of proof upon this question.  It is true the declarations of E. M. Franks are explicit as to the land intended to be conveyed, but it is not shown that any of these declarations were made in the presence of his wife, and they, therefore, are not competent evidence against her.  The notary public who went to the residence of E. M. Franks, and prepared the deed, and took the acknowledgment, testified that he did not read over the entire contents of the deed to the defendant, but that he told her it was " G's " farm, meaning thereby that it was the farm known as S. G. Franks' farm, and the one occupied by him; there were some three or four other tracts conveyed by the same deed; that the deed was written out at E. M. Franks' house, immediately after he (Franks) gave the directions as to the land to be conveyed. Now, if Sarah Franks was present when these directions were given, it might fairly be said that she understood and intended to join in a conveyance of this land, but upon cross-examination the notary stated: "I do not recollect any conversation with Mrs. Franks at the time, other than I have testified to. I don't know whether Mrs. Franks was in the room or not, when we were talking about the execution of the deed, at any time."  It may further be said that if it were shown that

<div style="margin-left:2em;font-size:small">1. CONVEY-
ANCE: re-
formation of
deed: mis-
take.</div>

"G's" farm, as understood by the defendant, included the eighty acres in question, this might be sufficient to authorize the reformation of the deed as to her. But this does not appear. It does not even appear that she understood what "G's" farm meant. Her son, S. G. Franks, was not then in possession of the land. The mistake should be shown to be her mistake, as well as that of her husband, by clear and satisfactory evidence.

<div align="right">AFFIRMED.</div>